IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELICIANO FERNANDEZ,

    Petitioner,                    No. CIV S-10-0535 FCD DAD P

    vs.

T. FELKER, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the October 24, 2006 decision of the California Board of Parole Hearings ("Board") to deny him parole. On March 10, 2010, the undersigned ordered respondent to file and serve a response to the petition. On May 10, 2010, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion.

**BACKGROUND**

        On October 24, 2006, the Board conducted a parole hearing and found petitioner unsuitable for release on parole. Petitioner filed four petitions for writ of habeas corpus in state

/////

court, challenging the Board's decision. Applying the mailbox rule[1], on April 26, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Fourth Appellate District. On May 24, 2007, the Court of Appeal denied that petition. On or about July 12, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On January 3, 2008, the California Supreme Court denied that petition, citing People v. Duvall, 9 Cal. 4th 464, 474 (1995). On October 5, 2008, petitioner filed a second petition for writ of habeas corpus in the California Supreme Court. On April 1, 2009, the California Supreme Court denied that petition "for failure to provide the full transcript of the 2006 parole suitability hearing" and again cited the decision in Duvall. Finally, on or about June 4, 2009, petitioner filed a third petition for writ of habeas corpus with the California Supreme Court. On October 22, 2009, the court summarily denied that petition without comment or citation. (Pet. at 114-116, Resp't's Mot. to Dismiss Exs. A-G.)

On February 28, 2010, petitioner commenced this action by filing a federal petition for writ of habeas corpus with this court.

**RESPONDENT'S MOTION TO DISMISS**

Respondent moves to dismiss the pending habeas petition, arguing that it is time-barred. Specifically, respondent argues that the Board's decision to deny petitioner parole became final on February 21, 2007, and petitioner had one year thereafter in which to file a federal habeas petition challenging that decision. (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that the proper filing of a state post-conviction application presenting the pertinent claims tolls the statute of limitations period. However, respondent contends that seventy-five days of the limitations period elapsed before petitioner filed his first habeas petition in the California Court of Appeal. In addition, respondent contends that petitioner is only entitled to statutory tolling from the time he filed that first petition in the

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988).

California Court of Appeal through the date on which the California Supreme Court denied his first habeas petition in that court on January 3, 2008. After the California Supreme Court issued that denial, respondent argues the limitations period for the filing of a federal habeas petition began running again. By the time petitioner filed his federal habeas petition, respondent contends, the AEDPA statute of limitations had long since expired. (Resp't's Mot. to Dismiss at 3-4.)

### PETITIONER'S OPPOSITION

In opposition to respondent's motion to dismiss, petitioner argues that he is entitled to statutory tolling for the entire period of time that his three habeas petitions were pending before the California Supreme Court because each were "properly filed." In addition, petitioner argues that he is entitled to equitable tolling of the AEDPA statute of limitations because he was housed in a maximum security unit for months after being the victim of an attempted murder and did not have access to the prison law library or to his legal work during that time. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 6, 12-17.)

### ANALYSIS

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

/////

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(D)

    The one-year statute of limitations period set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. See Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run once "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

    As noted above, on October 24, 2006, the Board conducted a parole hearing and found petitioner unsuitable for release on parole. The Board's decision became final on February 21, 2007. (Resp't's Mot. to Dismiss Ex. A.) For purposes of federal habeas relief, the one-year statute of limitations period began to run no later than February 22, 2007, the day after the Board's decision became final, and expired one year later on February 21, 2008. See Shelby, 391

/////

4

1   F.3d at 1066; Redd, 343 F.3d at 1082.  Applying the mailbox rule[2], petitioner did not file his

2   federal habeas petition in this court until February 28, 2010.  Accordingly, the pending petition is

3   untimely unless petitioner is entitled to the benefit of tolling.

4   III.  Application of § 2244(d)(2)

5      "The time during which a properly filed application for State post-conviction or

6   other collateral review with respect to the pertinent judgment or claim is pending shall not be

7   counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

8   limitations is not tolled during the interval between the date on which a judgment becomes final

9   and the date on which the petitioner files his first state collateral challenge because there is no

10  case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner

11  commences state collateral proceedings, a state habeas petition is "pending" during a full round

12  of review in the state courts, including the time between a lower court decision and the filing of a

13  new petition in a higher court, as long as the intervals between the filing of those petitions are

14  "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

15     In this case, petitioner filed four habeas petitions in state court challenging the

16  Board's 2006 decision to deny him parole.  The parties do not dispute that petitioner is entitled to

17  statutory tolling for the period of time that his first petition was pending before the California

18  Court of Appeal.  As noted above, however, petitioner thereafter filed three successive petitions

19  in the California Supreme Court.  The California Supreme Court denied petitioner's first petition,

20  citing the decision in People v. Duvall, 9 Cal. 4th 464, 474 (1995).  Petitioner then re-filed his

21  petition presenting the same claims for relief but this time including a lengthy memorandum of

22  points and authorities elaborating on the facts in support of his claims.  In response to this

23  subsequent petition, the California Supreme Court again denied habeas relief, citing Duvall and

24  essentially telling petitioner that he was required to provide the court with the complete transcript

25  _____

26    [2]   See Houston v. Lack, 487 U.S. 266, 276 (1988).

of his 2006 parole suitability hearing.  Petitioner re-filed his petition a third time, presumably with the full hearing transcript, and the California Supreme Court summarily denied that petition on the merits.[3]  See Crittenden v. Ayers, ___ F.3d ___, ___, 2010 WL 4291584 at *2 (9th Cir. Nov. 2, 2010) ("A 'postcard' denial by the California Supreme Court is a denial on the merits.").

Contrary to respondent's argument, the California Supreme Court's denial of petitioner's first and second habeas petitions while citing the decision in Duvall does not mark the end of the matter for purposes of statutory tolling.  The California Supreme Court's citation to Duvall simply indicates that the court found that the petition before it was procedurally deficient because it failed to allege with sufficient particularity the facts warranting habeas corpus relief.  Citation to Duvall does not mean that the petition was improperly filed for purposes of § 2244(d)(2).  See Gaston v. Palmer, 417 F.3d 1030, 1038-39 (9th Cir. 2005), as modified on other grounds by 447 F.3d 1165 (9th Cir. 2006).  The Ninth Circuit has interpreted the California Supreme Court's citation to Duvall in denying habeas relief, as follows:

> In light of its citations to Swain and Duvall, we read the California Supreme Court's denial of Gaston's sixth habeas application as, in effect, the grant of a demurrer, i.e., a holding that Gaston had not pled facts with sufficient particularity. While Gaston's sixth application was thus procedurally deficient under California law, it was not improperly filed within the meaning of § 2244(d)(2). There is no indication that the application was time-barred, lodged in the wrong court or office, or formatted improperly.  Thus, because Gaston's sixth state application's delivery and acceptance [was] in compliance with the applicable laws and rules governing filings, it was properly filed despite being procedurally flawed, and therefore may properly be used for purposes of § 2244(d)(2) tolling. (internal citations and quotations omitted)

Gaston, 417 F.3d at 1038-39.  See also King v. Roe, 340 F.3d 821, 823 (9th Cir.2003) (denials of relief based on Swain and Duvall "allow amendment to comply"); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) (under California law the petitioner's failure to plead facts with

---

[3]  Neither party has submitted a complete copy of petitioner's third and final habeas petition to the California Supreme Court for this court's consideration in connection with the pending motion.

sufficient particularity is a deficiency that "can be cured in a renewed petition."); Pombrio v. Hense, 631 F. Supp. 2d 1247, 1252 (C.D. Cal. 2009) ("Thus, the Clark, Swain and Duvall denials issued in this case involve correctable defects, and Petitioner may file an amended or renewed petition with the California Supreme Court to rectify such defects.")

Here, as in Gaston, the California Supreme Court did not deny any of petitioner's three petitions as time-barred nor did that court otherwise indicate that petitioner had failed to properly file his habeas petitions for tolling purposes under § 2244(d)(2).

In addition, the California Supreme Court's denial of petitioner's first and second habeas petitions with a citation to Duvall does not dictate the conclusion that state habeas review of petitioner's claims were no longer pending following those orders. The Ninth Circuit Court of Appeals recently reiterated that "only the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled." See Banjo v. Ayers, 614 F.3d 964 (9th Cir. 2010). In this regard, the Ninth Circuit explained:

> We employ a two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled. First, we ask whether petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. If the successive petition was attempting to correct deficiencies of a prior petition, however, the prisoner is still making proper use of state court procedures and habeas review is still pending. Second, if the successive petition was not timely filed, the period between the petitions is not tolled. (internal citations and quotations omitted)

Banjo, 614 F.3d at 968-69. In petitioner's successive petitions filed with the California Supreme Court, he attempted to correct or remediate the deficiencies of his prior petition. Guided by the California Supreme Court's citation to the decision in Duvall, petitioner properly elaborated in his subsequent petitions on the facts related to the claims in his first petition. In this regard, petitioner was "making proper use of state court procedures" and, as noted above, for purposes of

interval tolling it is notable that the California Supreme Court did not deny any of his three petitions as untimely. Banjo, 614 F.3d at 969. See also Hemmerle v. Schriro, 495 F.3d 1069, 1076 (9th Cir. 2007) ("We recognize that interval tolling, as defined by [King v. Roe, 340 F.3d 821, 823 (9th Cir.2003)], will often involve an incomplete or insufficient first petition that is corrected or embellished by a subsequent petition. . . .").

Petitioner is therefore entitled to statutory tolling of the AEDPA statute of limitations from April 26, 2007, the date he filed his first petition for writ of habeas corpus in the California Court of Appeal, to October 22, 2009, the date the California Supreme Court denied petitioner's final habeas petition. With that period of time tolled, petitioner's February 28, 2010 federal habeas petition is timely. Accordingly, respondent's motion to dismiss the pending federal habeas petition as time-barred should be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 10, 2010 motion to dismiss (Doc. No. 12) be denied; and

2. Respondent be directed to file an answer to the petition together with all transcripts and other documents relevant to the issues presented in the petition within sixty days. See Rule 5, Fed. R. Governing § 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

/////

/////

/////

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: November 19, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
fern0535.157